DURDEN AND WIFE, vs. McWILLIAMS & SMITH.

[ACTION AGAINST HUSBAND AND WIFE FOR NECESSARIES FURNISHED FAMILY.]

1. *What law governs liability of wife's separate estate for articles of family supply.*
In an action against husband and wife, for articles of family supply fur-
nished since the 17th January, 1853, the liability of the wife's separate
estate is to be determined by the provisions of the Code, (§§ 1987, 1997,)
although such estate accrued to her under the act of 1850.

2. *For what articles wife's separate estate is liable.*—Under the Code, (§ 1987,) the
wife's separate estate is liable, in an action at law, for " articles of comfort
and support of the household, suitable to the degree and condition in life
of the family," such as the husband might have been charged with, at
common law, *in invitum;* including necessaries for the common use of the
household, but not articles purchased for the husband's individual or
exclusive use.

3. *Sufficiency of complaint.*—In an action against husband and wife, seeking to
charge the wife's separate estate with necessaries furnished to the family,
the complaint must allege under what statute the liability is claimed.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by the appellees, against
Charles W. Durden and Martha, his wife; the complaint
being as follows:

"The plaintiffs claim of the defendants the sum of
$130, due by account on the 1st January, 1857, for goods,
wares and merchandise sold and delivered by plaintiffs to
defendants, on said 1st January, 1857, at their special
instance and request. And plaintiffs aver, that the said
defendants, at the time of the sale and delivery of the
said goods, wares and merchandise, were living together
as man and wife, in the county aforesaid; that the articles
so sold and delivered, as aforesaid, were articles of family
supply, used by them in their family, and suitable to their
estate and condition in life, and for which the husband
(said Charles W. Durden) would be liable at common law;
and that the said Martha E. Durden, then and now the
wife of said Charles W. Durden, was, at the time the said
articles were so sold and delivered, possessed of a separate

property or estate, separate and apart from the estate of her said husband, secured to her by and under the provisions of the acts of the legislature of said State of 1848, and 1850, securing to married women their separate estates; which sum of money, together with the interest thereon, is now due."

To this complaint a demurrer was interposed by Mrs. Durden, on the following grounds: "1st, that the complaint does not set forth how, when, and in what manner she obtained the separate estate, nor state the facts which show that it was a separate estate under the law of 1848 or 1850; 2d, because this is charged simply as a legal conclusion; 3d, because the complaint does not allege under which act of the legislature—whether the law of 1848, or that of 1850—said estate is held; 4th, because said complaint does not show in what the alleged separate estate consisted, nor the amount of it; and, 5th, because said complaint does not show that the defendant Martha E. purchased the said articles in the account alleged." The demurrer was overruled.

On the trial, as the bill of exceptions shows, the plaintiffs introduced evidence, tending to show that the articles embraced in the account, a copy of which is made an exhibit to the bill of exceptions, "were purchased at the times therein stated, and were suitable to the defendants' estate and condition in life; that the prices were reasonable; also, that Mrs. Martha E. Durden was, at the time of the purchase, the wife of the said Charles W. Durden, and owned a separate estate of about $5,000 worth of property, acquired by descent from her father's estate in 1851. The proof showed, that the tobacco, cigars, pantaloons, boots, caps, fiddle-strings, hats, fish-hooks and lines, breastpin, and bottle of brandy, were purchased by and for the use of said Charles W. Durden, and were used by him as a member of the family."

"Upon this evidence, the court charged the jury, that if they believed the testimony, the defendant Martha E. Durden was liable to pay for all the articles charged in said account, out of her separate property. To this charge the defendant Martha E. excepted, and requested

the court to charge the jury, that although they believed that the cigars, fiddle-strings, tobacco and breast-pin were used by the defendant [Charles W.] as a member of the family, and were suitable to the defendants' estate and condition in life, yet the separate estate of the defendant Martha E. was not responsible for said articles; which charge the court refused to give, and the defendant Martha E. excepted."

The overruling of the demurrer to the complaint, the charge given, and the refusal of the charge asked, are now assigned as error.

WATTS, JUDGE & JACKSON, for the appellants.

ELMORE & YANCEY, and W. H. NORTHINGTON, contra.

STONE, J.—The act of March 1, 1848, section 5; the act of February 13, 1850, section 7, and section 1987 of the Code, are not precisely alike in all their features. The act of 1848 declares, "that for all articles of family supply, or used in the family, the husband shall be severally, or the husband and wife jointly, liable and suable at law."—Pamph. Acts, 79. The language of the act of 1850 is, "that for all articles of family supply, or used in the family, which are suitable to the estate and condition in life of the family of such husband and wife, and for which the husband would by the common law be liable, the husband shall be severally, and the husband and wife jointly, liable and suable at law."—Pamph. Acts, 65. The Code (§ 1987) enacts, that "for all contracts, for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law, the separate estate of the wife is liable; to be enforced by action at law against the husband alone, or against the husband and wife jointly."

We, in this opinion, propose to point out only two differences in the above enactments. First, the act of 1848 omits the qualifying clause, "*for which the husband would be responsible at common law,*" while each of the other statutes contains it in substance. Second, both the acts

of 1848 and of 1850 declare, that the *wife*, owning a separate estate, shall be *liable;* while the Code simply enacts, that the *separate estate* of the wife is liable. The record in this case shows that the estate of Mrs. Durden accrued to her under the act of 1850; and hence we will not now declare the rule governing the liability of estates made made separate by the act of 1848, further than is after shown.

Without undertaking to point out, to a greater extent than is above done, the differences in the extent of liability under the several statutes—viz., the act of 1848, the act of 1850, and the Code—it is manifest that each successive statute, if it render a different construction necessary, rather limits the liability of the wife's separate estate, while neither imposes any new burden not given by the former.

The articles which make up the account which is the subject of the present suit, were all purchased in 1856, after the Code went into operation. It becomes, then, necessary that we should construe section 1997 of the Code, which reads as follows: "The provisions of this article take effect, and are operative, on the estates of all married women who have been married, or have received property, by descent, gift or otherwise, since the first of March one thousand eight hundred and forty-eight." Under these facts, we hold, that the liability of Mrs. Durden's separate estate, in an action at law, must be governed by section 1987 of the Code, notwithstanding her estate accrued to her under the act of 1850.—Weems v. Bryan, 21 Ala. 305.

In Cunningham v. Fontaine, 25 Ala. 644, we considered the question of the wife's liability at law under the act of 1850. In Daniels v. Sprague and Wife, at the present term, we considered the same question under the provisions of the Code. See, also, Henry v. Hickman, 22 Ala. 685. In neither of these cases did we undertake to define or determine what *contracts*, or what description of articles of *family supply*, or of *comfort* and *support of the household*, can become a charge upon the wife or her separate estate,

29

on account of which she is suable at law. The present record raises this precise question.

The Code, in defining the class of articles for which the wife's separate estate is liable in an action at law, contains three qualifying clauses: 1st, they must be articles of *comfort* and *support* of the household; 2d, they must be suitable to the *degree* and *condition* in life of the family; 3d, they must be articles "for which the husband would be responsible at common law." We think each of these qualifying clauses must have some operation, and that, collectively, they are indicative of the vigilance with which the legislature intended to guard this species of property. Clauses 1 and 2 need no particular comment here. We regard clause 3 as the most significant and controlling. If we construe this language in its larger and more general sense, the result will be to subject the wife's separate property to the payment of every valid contract the husband may make; because, upon every contract of his own, supported by a valuable consideration, he would be responsible at common law. This construction would defeat the entire object of the statutes. We can not for a moment believe the legislature had this intention.

Neither do we find any thing in the statutes which authorizes us to confine the liability of the separate estate to contracts entered into by the wife herself, or which renders the *agency* by which the contract is entered into a material inquiry, further than is implied in the rule hereinafter stated.

Having shown that the third qualifying clause is not to be construed in its larger sense, we must seek for it a more restricted meaning. We hold, that the intention of the legislature was, to render the wife's separate property liable, in an action at law, for only such "articles of comfort and support of the household" as the husband may be chargeable with *in invitum;* such necessaries for the maintenance and comfort of the family, as, in the absence of proper provision by him, his wife, or even a stranger, may supply to the family, and thereby fix a liability on him. We will not here undertake to lay down a definite and

precise rule for every case that may arise. The subject is treated in Zeigler v. David, 23 Ala. 127; Wray v. Cox, 24 Ala. 337; Cothran v. Lee, 24 Ala. 380; 1 Parsons on Contracts, 253, *et seq. ; ib.* 286, *et seq. ;* 2 Bright on H. & W. 10.

Under the rule above declared, the separate estate of the wife can not be charged, in an action at law, for the wearing apparel of the husband, or any other article purchased for his individual or exclusive use. For articles which, in their nature, are used in common, and which are necessaries of the household in its collective capacity, the separate estate of the wife is chargeable. The fact that the husband participates in the use and enjoyment of the articles last mentioned, will not in the least diminish the liability of the wife's separate estate.

The construction above given will operate no hardship, either upon the husband, or any one who trusts him. He has the rents, income and profits of his wife's separate property, without liability to account for the same; and the law has given him no authority to charge the *corpus* of her estate, to a greater extent than is above expressed. Code, § 1983; Pickens v. Oliver, 29 Ala. 528.

It will be observed, that the question we are discussing, is the liability of a married woman's separate estate in an action at law. Of course, she has power to charge it in equity, independent of our statutes.

From what we have said above, it necessarily results, that the judgment pronounced by the circuit court in this case must be reversed. We deem it unnecessary to notice every point presented by the record. A complaint which seeks to charge the separate estate of a married woman, in an action at law, should aver under which statute the liability is claimed; because, as we have shown, the statutes are somewhat different.

Whether the articles purchased are of the class which can be charged on the separate estate, is a question for the jury, under appropriate instructions.

The judgment of the circuit court is reversed, and the cause remanded.