[Lobman v. Kennedy.]

# Lobman v. Kennedy.

*Motion for Summary Judgment against Wife's Separate Estate.*

1. *Liability of wife's statutory separate estate for necessaries.* — The wife's statutory separate estate, consisting of a house and lot worth something more than $3,000, cannot be charged with the value of "window-sashes, blinds, doors, ventilators, and window-glass," costing about $230, which were bought by the husband, and used in completing a house on the wife's lot, he being insolvent.

2. *Judgment reversed and rendered.* — In reversing a judgment, this court will itself render the proper judgment (Rev. Code, § 3502), when the record enables to do so.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN D. CUNNINGHAM.

SAYRE & GRAVES, for the appellant.

R. M. WILLIAMSON, *contra*.

PETERS, C. J. — This is a proceeding, under our statute, to condemn the separate estate of the wife to sale for the payment of a judgment against the husband, for articles of comfort and support of the household, furnished on contract with the husband alone. The bill of exceptions shows, that the articles supplied consisted of " window-sashes, blinds, doors, ventilators, and window-glass." These articles were purchased by Henry Lobman, the husband of Mrs. Theresa Lobman, and used to complete a house on Mrs. Lobman's lot in the city of Montgomery, which belonged to her as her statutory separate estate. There was a judgment against the husband, who was sued alone, for the value of the articles thus furnished; on which judgment an execution was regularly issued, and returned " Not satisfied." After this, a motion was made against Mrs. Lobman, the wife, for an order of sale of her statutory separate estate, for the payment of this judgment against her husband. The judgment was for $237.35 debt, and for $21.25 costs. The order of sale was granted by the court below, and Mrs. Lobman brings the case here by appeal; and here she assigns certain charges of the court below, and the judgment rendered on the order for the sale of her property, as errors.

The evidence shows that a house and lot in the city of Montgomery, worth a little above $3,000, was about all the property owned by the wife, and her husband was insolvent. The court charged the jury, in effect, that the materials furnished the husband by the appellee, for use on the house on Mrs. Lobman's lot, were articles of comfort and support of the house-

hold, for which the husband would be responsible at common law; and if this was so, the wife's property would be liable to pay it. This was error. In *Durden & Wife* v. *McWilliams & Smith*, 31 Ala. 438, 442, this court said : " The Code, in defining the class of articles for which the wife's separate estate is liable in an action at law, contains three qualifying clauses : 1. They must be articles of *comfort* and *support* of the household : 2. They must be suitable to the *degree* and condition in life of the family.  3. They must be articles for which the husband would be responsible at common law."   In the same case, it is further said, " Having shown that the third qualifying clause is not to be construed in its larger sense, we must seek for it a *more restricted* meaning.  We hold, that the intention of the legislature was, to render the wife's separate property liable, in an action at law, for only such articles of comfort and support of the household, as the husband may be chargeable with *in invitum ;* such necessaries for the maintenance and comfort of the family, as, in the absence of proper provision by him, his wife, or even a stranger, may supply to the family, and thereby fix a liability on him."   31 Ala. 442, *supra*.  Speaking on this subject, Chancellor KENT, repeating the words of Blackstone, declares that, for anything beyond necessaries, the husband is not chargeable.  2 Kent, 146, marg.   These necessaries usually are board and lodging ; medicines, and medical attendance ; reasonable expenses during sickness ; furniture for a house for the wife ; household supplies, reasonable and proper for the ordinary use of the family, and things of like character with these.   Schouler's Dom. Rel. pp. 78, 79, and cases there cited ; 1 Bl. Com. 442, 443.   The articles here sought to be made a charge upon the wife's statutory separate estate go much beyond this, and open a source of expenditure much beyond the narrow bounds that our learned predecessors have thought it wise to prescribe.

The important statute, under which this proceeding is inaugurated, is for the protection and preservation of the wife's estate.   This purpose would be defeated, if the construction given to this act by the learned judge in the court below was allowed to stand.   The husband is the wife's trustee of her statutory separate estate ; and generally, such trustees are not permitted to dispose of the *corpus* of her property, without the aid of some court, in which the wife could be protected against improvident, and, in a stricter sense, unnecessary expenditures, which imperilled the whole.   In a certain sense, the wife is in a state of pupilage to the husband.   He is her guardian.   In such a case as this, a guardian would not be permitted, without the order of some competent tribunal, to waste the body of the wife's estate.   Rev. Code, § 2433 ; also *Esk-*

*ridge* v. *Ditmar,* and *Eskridge* v. *Gill,* at the present term. Rev. Code, §§ 2376, 2377.

The judgment of the court below is reversed, and this court, proceeding to render the judgment that the court below should have rendered, doth order, adjudge, and decree, that the application in this case be dismissed out of this court and the court below, at the cost of the appellee, said A. M. Kennedy. Rev. Code, § 3502.