# Howard and Wife *v*. Doughtie.

*Action against Husband and Wife for Necessary Family Supplies.*

1. *Liability of wife's statutory separate estate for necessaries.*—In an action against husband and wife, seeking to charge the wife's statutory separate estate with the price of necessaries furnished to the family (Rev. Code, § 2376), it must be shown that the property sought to be charged belonged to her statutory separate estate, at the time the articles were furnished, and at the commencement of the suit; and the question should be submitted to the jury, whether the articles were such as, at common law, the husband would be responsible for *in invitum.*

2. *Same; form of judgment.*—In such action, on a verdict for the plaintiff, judgment should not be rendered against the wife personally; but, if so rendered, the judgment would be here corrected and affirmed, on appeal by the defendants, if the record contained no other error.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JAMES E. COBB.

This action was brought by William Doughtie, against John W. Howard and his wife, Virginia Howard; was commenced on the 12th October, 1872, and sought to charge Mrs. Howard's statutory separate estate with the payment of an account amounting to $143 90. The plaintiff was the owner of a livery-stable in Eufaula; and the account was there contracted with him during the years 1869 and 1870, for the board of horses, hire of carriage and horses, &c. The complaint alleged, that the defendants were living together as husband and wife when the account was contracted; that the several items specified in the account "were articles of

[Howard and Wife v. Doughtie.]

comfort and support of their said household, suitable to the degree and condition in life of their family, and such as the husband, said John W. Howard, would be responsible for at common law;" and that Mrs. Howard owned, as a part of her statutory separate estate, both at the time the account was contracted, and at the commencement of the suit, certain lands in Russell county, which were particularly described, and a house and lot in Eufaula, also particularly described. The record does not show what pleas were filed; but there was a trial by jury, on issue joined.

On the trial, as the bill of exceptions shows, the plaintiff read in evidence the deposition of James T. Doughtie, who kept his books, and attended to the business of the livery-stable during the years 1869-70, and who testified to the correctness of the plaintiff's account; also, "that the items in said account are reasonable and just, and were the customary charges at that time; that he presented the account to said John W. Howard, who did not dispute its correctness, and promised to pay it; that said defendants resided in Glennville, Russell county, when the account was contracted, but spent a good deal of their time in Eufaula; and that they kept a buggy and horse, besides mules and a wagon on their place in Russell." "The plaintiff then read in evidence the admission of the defendants, that the property described in the complaint was the statutory separate estate of said Virginia Howard, and that she was the wife of said John W. Howard; and then testified, as a witness for himself, to the correctness of the said account sued on; also, that the value of the real estate described in the complaint was $5,000, or more; that the articles enumerated in the account were articles of comfort and support of the household, suitable to the degree and condition in life of the defendants' family; that said defendants moved in the first circles of society in Eufaula and Glennville, living a part of the time in Eufaula, and a part of the time in Glennville, which was about twenty miles distant from Eufaula, and connected with it only by an ordinary wagon road."

"This was all the evidence introduced by the plaintiff, and the defendants introduced none; and the court thereupon charged the jury, on the written request of the plaintiff, that if they believed, from the evidence, that the plaintiff's account was for articles furnished to defendants, and that said articles were articles of comfort and support of the household, suitable to the degree and condition in life of their family, they should find for the plaintiff, and that the separate estate of the defendant was liable therefor. To this charge the defendants excepted."

VOL. LVI.

[Howard and Wife v. Doughtie.]

The jury returned a verdict for the plaintiff, and also found that the property described in the complaint as the separate estate of Mrs. Howard was liable for the debt ; and the court thereupon rendered the following judgment : "It is therefore considered by the court, that the plaintiff recover of the defendants the said sum of $193.26, together with the costs in this behalf expended; for which let execution issue, which may be levied, not only of the goods and chattels, lands and tenements of said defendant John W. Howard, but also of the separate estate of the said defendant Virginia Howard, described in the complaint as follows," &c.

The appeal is sued out by both of the defendants. The errors assigned by them are, the charge of the court, and the judgment.

Geo. D. & Geo. W. Hooper, for the appellants.

Martin & Mitchell, contra.

STONE, J.—We feel compelled to reverse the judgment rendered in this cause. The charge fails to postulate enough facts to render Mrs. Howard's statutory separate estate liable. To justify a judgment, declaring such liability, the wife must have owned a statutory separate estate at the time the debt was contracted, and the same separate estate when the suit was brought. This should have been proved. The only evidence in this record, on that question, is "the admission of the defendants, that the property described in the plaintiff's declaration was the separate statutory estate of Virginia Howard, one of the defendants." The bill of exceptions states that it contains all the evidence. *When* this property *was* the statutory separate estate of Mrs. Howard, we are not informed; whether when the articles were purchased, when the suit was brought, or some other and what time, are inquiries not answered by the record. The charge did not refer this question to the jury, but assumed, on the admission we suppose, that that was not a disputed question in the cause. We have seen above that the admission was not broad enough for this. It did not cover the two essential points of time.

For reasons explained in the former rulings of this court, the charge should have submitted to the jury the inquiry, whether the articles were such as the husband would have been responsible for at common law ; which we have construed to mean *in invitum.* If the family had been shown to be sufficiently supplied, and not in need of the articles, the estate of the wife was not chargeable. Family wants,

(33)

we need scarcely add, must be graduated by the degree and condition in life of the family.—See *Durden v. Mc Williams,* 31 Ala. 438 ; *Ravisies v. Stoddart,* 32 Ala. 599 ; *Sharp v. Burns,* 35 Ala. 653.

The charge given in the case of *Sharp v. Burns,* was held not to present a reversible error, on a somewhat technical construction of its language. The present charge, on the facts postulated, instructed the jury to find for the plaintiff. It does not admit of the construction given in *Sharp v. Burns.*

The judgment entry is improperly rendered against Mrs. Howard personally ; but that would be corrected here, if we found no other error in the record.

Reversed and remanded.