# Lee *et ux v.* Campbell.

*Action against Husband and Wife to subject Statutory Estate of Wife.*

1.  *Liability of wife's statutory estate for necessaries; effect of admissions by husband.*—Acts or admissions of the husband will not prevent or remove the bar of the statute of limitations, as to the remedy against the statutory estate of the wife, for articles of comfort and support of the household.
2.  *Same; what are necessaries, in the meaning of the statute.*—Under the statute in force in the year 1863, the statutory estate of the wife was not liable except for food, raiment, habitation, medical assistance, and medi-cine,—necessaries for which the husband would be responsible at common law, though supplied without his knowledge or consent.
3.  *Same.*—A smoke-house, carriage-house, and fencing, are not necessa-ries within the meaning of the statute.

APPEAL from the Circuit Court of Sumter.
Tried before Hon. L. R. SMITH.

[Lee v. Campbell.]

Appellee, Campbell, on the 15th day of September, 1871, brought this action against James Lee and Susan, his wife, to subject her statutory estate, for work and labor done in the year 1863, in repairing fencing, and building a carriage-house and smoke-house, about the premises on which appellants resided, which formed part of her statutory estate.

Issue was joined on the pleas, among others, of payment, statute of limitations of three years, and the general issue.

It was proved that the estate sought to be condemned, was at the time of doing the work, and continued, up to the trial, to be, the statutory estate of said Susan, and that she was then and still is the wife of her co-defendant, James. The plaintiff testified that he did the work in the year 1863, at the instance of the husband; that it was reasonably worth the sum charged; that "Lee and his wife lived in good style, and the work done was suitable to their degree and condition in life." In answer to a question whether the defendants had seen the account, at any time before the suit, or in any way admitted its correctness, the plaintiff answered that the husband had seen the account and given his promissory note for it. The defendant, Susan, objected to the answer, and moved to rule out the testimony, on the ground that the admissions of the husband were not binding on her; but the objection and motion to exclude were both overruled, and she excepted. The husband testified, that at the time the work was done, "I had on the old place, within three hundred yards, stables and smoke-house, and a shed under which to place the carriage. The articles built by the plaintiff were not necessary for the comfort or support of my family, but were built by contract with me, because I desired better buildings at a more convenient point."

This was substantially all the evidence. Thereupon the court charged the jury, "if they found from the evidence that the work was done by the plaintiff, and the price was reasonable and customary, and that the work so done was necessary for the comfort and support of the household, and suitable to the degree and condition in life of the defendants, and for which the husband would be liable at common law, the separate statutory estate of Mrs. Lee was liable therefor."

The court further charged the jury, "if they believed from the evidence that the defendant, James Lee, admitted the correctness of the account sued on, and executed his note therefor, it then became a stated account, and the statute of limitations of three years did not apply, even though the

[Lee v. Campbell.]

jury should find that Mrs. Lee knew nothing of the admissions, and did not herself admit the correctness of the account. The liability is fixed by law, not by contract with the wife, and the admissions of the husband bind her."

To the giving of each of these charges, exception was duly reserved. The defendants, thereupon, requested the court, in writing, to charge the jury as follows: "If there was a place to put the carriage, and a smoke-house on the place, the fact that the husband built a finer or more convenient one, does not make the wife's statutory estate liable. 2d. The building of a smoke-house, carriage-house, and fencing, were not such articles of comfort and support as would make the wife's statutory estate liable for the contract of the husband. 3d. If the jury believe the evidence, Mrs. Lee's statutory estate is not liable to the plaintiff's demand." The court refused to give either of these charges, and exception was duly reserved to each refusal.

The charges given, the refusal to charge as requested, and the refusal to exclude the evidence of admissions of husband as against the wife, are now assigned as error.

THOS. COBBS, for appellant.—The smoke-house, carriage-house, and fencing, were not necessaries for which the statutory estate was liable.—*Eskridge v. Ditmars*, 51 Ala. 253.

———— ———, *contra*.

BRICKELL, C. J.—The liability of the wife's statutory separate estate for articles of comfort and support of the household, suitable to the degree and condition in life of the family, does not arise from contract. It is defined and declared by the statute, and it is immaterial whether she or her husband is the active agent in procuring them.—*Durden v. McWilliams*, 31 Ala. 438. The liability of the husband on whom the law devolves the duty of maintaining the family, is not lessened, because of the liability of the statutory separate estate, and until his liability is fixed by a personal judgment; there can be no judgment condemning the estate. The creditor has the right to enforce it by a joint suit against husband and wife, or having sued the husband to insolvency, on motion, a judgment may be rendered condemning the statutory separate estate to its satisfaction. *Cunningham v. Fontaine*, 25 Ala. 644. As the husband can not by mere contract create the liability on the statutory separate estate—as it arises from the declaration of the law

[Lee v. Campbell.]

and not from his act—no admission or promise made by him, can prevent or remove the bar of the statute of limitations from attaching to and defeating the remedy against the estate of the wife. One joint debtor can not be deprived of the benefit of the statute of limitations, by an admission or promise which his companion may make without his knowledge or consent.—*Lowther v. Chappell*, 8 Ala. 353. The policy of the statute of limitations is to foreclose litigation in a prescribed period, unless the bar is avoided by the equivalent of an express promise to pay, made by the party to be charged. The husband may charge himself by subsequent promises or admissions, but as he is incapable of creating in the first instance the liability of the statutory estate, he is equally incapable of reviving or continuing it. A promise or admission by him can have no other effect, than would the promise of a joint debtor. The claim preferred by the plaintiff was originally an open account subject to the bar of the statute of limitations of three years. The admission by the husband of its correctness—the giving of his promissory note for its amount, as to him converted it into an account stated, but did not and could not change its character as to the liability of the wife's statutory separate estate. The action is founded on the original account, and not on the account stated, or the note, which are the contracts of the husband, rendering his liability more effectual, but do not enlarge or relieve the liability of the statutory estate. *Sharp v. Burns*, 35 Ala. 653.

The claim of the plaintiff is for improvements made on the wife's real estate under an employment of the husband—fencing, building a smoke-house, and carriage-house. These improvements may have contributed to the *comfort* of the family or household, and may have been suitable to their degree and condition in life. But there are no facts shown by the bill of exceptions which justify the conclusion that they were necessary to *the support of the household*. Contracts may be made by the husband, or by the wife, for things which are not unsuited to the station in life of the family, or the degree of the wife's fortune, and which will promote the convenience and comfort of the husband and wife, and of those living under their roof, and legally dependent on them, which can not be enforced against the statutory separate estate. A carriage would add to the comfort, convenience and pleasure of the wife and her children, and her fortune and station in life may be such that she could justly expect that one should be furnished her by

[Page v. The State.]

her husband, if he had her fortune in his own right. But her statutory estate, can not be made liable for its cost whether purchased by her or her husband.—*Eskridge v. Ditmars*, 51 Ala. 245. The dwelling-house in which the family resides, may be rendered more comfortable by blinds, doors, window-sash, &c., yet these when furnished, do not constitute a charge on the estate.—*Lobeman v. Kennedy*, 51 Ala. 163. Maintenance, necessaries, for which the husband would be liable at common law *in invitum*, is the extent of the liability of the statutory estate. The *support*, the maintenance of the household, and not its comfort only, must be considered in ascertaining the existence of that liability. If a stranger had made for the wife, the improvements, there would be no ground for insisting that the husband could be made liable *in invitum* for their value. It would have been an interference with his domestic affairs, and of his right to control his domestic expenditures, the law could not have tolerated. Whenever an involuntary liability would not at common law be fixed on the husband for things furnished the wife, the liability of the wife's statutory estate can not arise, no matter who is the agent in making the contract. It is a narrow and limited liability which the statute declares. Under the statute as it existed when this contract was made, and its uniform construction, the liability of the estate extended only to food, raiment, habitation, medical assistance and medicines—necessaries for which the husband would be liable at common law, though supplied without his knowledge or consent.

The rulings of the Circuit Court were inconsistent with these views, and its judgment is reversed and the cause remanded.