# Ridley and Wife *v.* Hereford & Timberlake.

*Action against Husband and Wife, for Price of Goods Sold.*

1.   *Wife's statutory separate estate; for what debts liable.*—The statutory separate estate of a married woman is not liable (Code, § 2711) for the price of tin gutters, pipes, and similar articles, used in the construction of a dwelling-house on her land.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This action was brought by Hereford & Timberlake, suing as partners, against James L. Ridley and Fannie J. Ridley, his wife; and was commenced on the 20th April, 1877.   The cause of action was an account for goods sold and delivered, during the months of January, February, and March, 1875, amounting to $74.80; for which the plaintiffs sought a personal judgment against said James L. Ridley, and a judgment of condemnation against certain lands, particularly described in the complaint, and alleged to belong to the statutory separate estate of Mrs. Ridley.   The account, as produced and proved on the trial, consisted of the following articles:   "Gutters, 172 feet, at 25 cts., $43.00; spout, 84 feet, at 25 cts., $21.00; eight elbows, at $2.00, and five eave-spouts, $2.50—$4.50; 48 hooks, at 10 cts., $4.80; three joints, stove-pipe, and elbows, $2.25; tin, 25c.—$74.80."   The defendants pleaded, "in short by consent, the general issue, and that the articles alleged to have been furnished were not articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law"; and issue was joined on these pleas.   On the trial, as the bill of exceptions states, Charles W. Hereford, one of the plaintiffs, "testified that, a short time before the delivery of the articles, the price of which is sued for in this action, he met Mrs. Fannie J. Ridley, one of the defendants, on the public street, and there made with her a contract to furnish and deliver such articles; that the articles set forth in the account," which he produced, "were the articles contracted for by Mrs. Ridley, and furnished by Hereford & Timberlake; that he did not know where the defendants resided at the time the account was

made; that they afterwards moved into said house for which the articles were furnished, but he did not know whether the house was finished, or only in course of erection, at the time; that he made no special examination of the premises, and did not know where or whether they were placed on the house; and that Mrs. Ridley promised to pay the account, after the articles were delivered." Said Hereford testified, also, "that Mrs. Ridley owned the property described in the complaint, which is situated in Huntsville, as her statutory separate estate, and which is valued, he would suppose, at $6,000, or $8,000, besides other real estate in the city and county, the value of which he does not know."

On the part of the defendants, said James L. Ridley "testified that, at the time said articles were furnished, defendants were residing in a small frame building which Mrs. Ridley owned, adjoining the house which was in course of erection, and had been so residing for some time; that the house being erected was on the garden lot of their said residence, and was unfinished and incomplete when the gutters and spouts were placed thereon, and is not yet entirely finished; that the articles furnished were not absolutely necessary to the building; that there were no valley gutters, and the water could easily have poured from the building without injuring it in any wise, and without injuring the lot, unless, possibly, such grass as might be immediately under the eaves of the house; that the defendants used grates in the house, and did not use stoves, and had no use for a stove-pipe and elbow, unless for the stove kept in the kitchen, and he knew of no pipe being furnished for this purpose. Witness testified, also, that defendants moved from their residence into the new building, for which the articles were alleged to have been furnished, and resided there about six months, when they moved into the country, and rented out said building, and have not since resided there—the building of it broke him; that they have since rented out said house, and received the rents and profits; that the house was built for a family residence and home, and the stove-pipe may have been necessary in the kitchen, as they had no stove in the house; that there were porches on the outside of the house, with no covering but the floors of said porches, and, but for the work done and guttering, the drippings of water would have fallen on said porches, but would not have injured them, as the floors were tongued and grooved, and had a preparation on them rendering them water-tight; that the work done was not really necessary, as he believed, but was allowed to be done more for ornament than any thing else, and because it was fashionable and customary, and in this way it may, and doubtless did, contribute

[Anderson's Adm'r v. Bradley.]

to the comfort of his wife." It was proved, also, "that the defendants moved in the best society in Huntsville, and their house was on a fashionable street."

On this evidence, the court refused to charge the jury, on the written request of the defendants, that Mrs. Ridley's statutory separate estate was not liable for the price or value of the articles furnished by plaintiffs, as included in the account sued on, and used in the construction of said unfinished house. The refusal of this charge, to which the defendants excepted, is now assigned as error.

L. COOPER, for appellants.

J. J. McDAVID, contra.

STONE, J.—If the items composing the account sued on can be called articles, they fall within no class for which the statutory separate estate of the wife can be made liable under section 2711 of the Code of 1876.—*Lobman v. Kennedy*, 51 Ala. 163; *Eskridge v. Ditmars, 1 b.* 245; *Lee v. Campbell*, 61 Ala. 12; *Durden v. McWilliams*, 31 Ala. 438.

Reversed and remanded.