# Lee v. Winston, Adm'r.

## Bill in Equity to Foreclose a Mortgage.

1. *Mortgage of wife's statutory separate estate invalid.*—A married woman can not make a valid mortgage of her statutory separate estate.

2. *Wife's statutory separate estate not liable for services rendered by an attorney.*—Under the law as it existed in the years 1866–8 (Rev. Code. § 2376), services rendered by an attorney for a married woman concerning her statutory separate estate, did not fall within the class of articles of comfort and support of the household, for which her separate estate was liable.

3. *Attorney has no lien on his client's lands for fees.*—An attorney has no lien on his client's lands for services rendered in defending them against an effort to charge them with the payment of the debt of another.

APPEAL from Sumter Chancery Court.

Heard before THOS. W. COLEMAN, Esquire, special chancellor.

The bill in this cause was filed on 26th March, 1874, by William O. Winston, as the administrator of the estate of Turner Reavis, deceased, against Susan L. Lee and her husband, to foreclose a mortgage executed by the defendants on 12th October, 1866, to Reavis & McConnico, partners engaged in the practice of the law, conveying lands belonging to Mrs. Lee's statutory separate estate, to secure two notes signed by both husband and wife, for $750 each and payable, one in January, 1868, and the other in January, 1869. The bill avers, that the consideration of the notes secured by the mortgage was professional services rendered the defendants by Reavis & McConnico, which were necessary for the protection and preservation of Mrs. Lee's title and interest in the lands described in the bill. In another aspect, it is also insisted, that the complainant has a lien on the lands independent of the mortgage for the services rendered Mrs. Lee,

VOL. LXVIII.

which constituted the consideration of the notes. The bill avers the death of Mr. McConnico in 1868, and the death of Mr. Reavis subsequently thereto, complainant's appointment as administrator of the latter's estate, and default in the payment of the notes. The defendants demurred to the bill, and their demurrer having been overruled, they answered separately, setting up, among other defences, the coverture of Mrs. Lee when she executed the notes and mortgage; that the lands described in the mortgage constituted a part of her statutory separate estate, and the mortgage was, therefore, void; and that the complainant had no lien resulting from the character of the services rendered by the mortgagees. The testimony tended to show, that Mrs. Lee's father, after her marriage, caused to be purchased for her, and paid for a designated part of the lands described in the bill, but, by mistake, the deed to the lands was executed to her husband; that afterwards an attachment was sued out by creditors of her husband and levied on the lands so purchased by her father as the property of the husband, and Reavis & McConnico were employed to file a bill in equity to enjoin the attachment suit, and to divest the title out of the husband and vest it in her. The bill was filed, and the cause thereby made was afterwards compromised, and a consent decree entered, enjoining the further prosecution of the attachment suit, and divesting the title to the lands out of her husband and vesting it in her. The services rendered in that cause constituted the consideration of the notes for the security of which the mortgage was executed.

On the hearing, had upon pleadings and proof, and also upon a motion to dismiss the bill for want of equity, the special chancellor denied the complainant relief under the mortgage, but held that he had a lien on the lands about which the litigation was had with Mr. Lee's creditors, for the services rendered Mrs. Lee by Reavis & McConnico therein, and caused a decree to be entered accordingly. That decree is here assigned as error.

SMITH & COBBS, for appellant.

THOS. B. WETMORE, contra.

(No briefs came to the hands of the reporter.)

STONE, J.—That a married woman can not make a valid mortgage of her statutory separate estate, has been too often decided by this court to require further argument.— Gilbert v. Dupree, 63 Ala. 331; O'Connor v. Chamberlain, 59 Ala. 431;

*Eskridge v. Ditmars*, 51 Ala. 245 ; *Ridley & Wife v. Hereford & Timberlake*, 66 Ala. 261.

We think it equally clear, that services rendered by an attorney for a married woman, concerning her statutory separate estate, at the time these services were rendered— 1866 to 1868—did not fall within the class of articles of comfort and support of the household, for which the separate estate of the wife is liable, under section 2711 of the Code of 1876. Authorities *supra*, and *Wilburn v. McCalley*, 63 Ala. 436 ; *Thames v. Rembert, Ib.* 561 ; *Lee v. Tannenbaum*, 62 Ala. 501.

It is contended for appellee, and was so ruled by the special chancellor, that the complainant was entitled to the relief he prayed, because his intestate rendered services as solicitor in saving and preserving Mrs. Lee's title to lands, her statutory separate estate ; and that under the present bill he has a lien on the lands thus saved, for the value of the services rendered. The distinguished Chancellor COOPER of Tennessee so ruled in *Brown v. Bigley*, 3 Tenn. Ch. Rep. 618 ; but we do not feel at liberty to follow that decision. In *Humphrey v. Browning*, 46 Ill. 476, is found a very careful and able opinion by BREESE, C. J., holding the contrary doctrine, and we think his argument can not be answered.—See, also, *Smalley v. Clark*, 22 Verm. 598 ; *Hanger v. Fowler*, 20 Ark. 667 ; *Cozzens v. Whitney*, 3 R. I. 79. There are many cases which hold an attorney has a lien on a judgment recovered through his services, for his proper compensation therefor. *Warfield v. Campbell*, 38 Ala. 527, is a case of that class, and many others might be added. The principle on which these cases rest is carefully considered in *Humphrey v. Browing, supra*. In the later case of *Ex parte Lehman, Durr & Co.* 59 Ala. 631, a statute of this State was so interpreted, as to change somewhat the common law principle, which was held to govern *Warfield v. Campbell*. But the present was not a case of judgment recovered, payable in money, which, when collected, may, and ordinarily does, pass through the hands of the attorney. It arose out of a defensive proceeding, which protected Mrs. Lee's lands against an attempt to charge them with a debt. We hold the attorney acquired no lien on the lands.

Reversed, and decree here rendered dismissing complainant's bill. Let the costs of the suit, and of the appeal in the chancery court and in this court be paid by the appellee.