[Ward et al. v. Johnson et al.[

# Ward *et al v.* Johnson *et al.*

*Bill in Equity to Establish Lien, and Subject Property to Debt of Partnership Creditors.*

1. *Declarations of husband acting as agent of wife.*—When the husband, acting as agent of the wife, makes declarations in regard to a partnership business, in which she is a member, such declarations or admissions being narrative only of a past transaction, are not legal evidence to fix a charge on her, or her estate.

2. *Husband's power over wife's statutory estate.*—The statutory separate estate of the wife can not be bound by any act of the husband, except to the extent of the statute making it liable for "articles of comfort and support of the household &c." § 2711, Code.

APPEAL from Tuscaloosa Chancery Court.

Heard before the Hon. THOMAS COBBS.

This bill was filed by John H. Ward and James W. Ward, against Elizabeth Johnson and her husband, Nelson D. Johnson ; and was commenced Feb. 2d, 1883. The bill alleges that complainants entered into a partnership with the defendant, Elizabeth Johnson, on 3d January, 1881, for carrying on a general merchandise business at Coaling Station on the Alabama Great Southern Railroad in Tuscaloosa county ; that said Elizabeth Johnson was to furnish the store house and premises for carrying on the business, and complainants were to furnish a cash capital of one thousand dollars ; that the business was to be conducted in the partnership name of J. H. Ward & Co., each partner to be equally interested in the bus-

[Ward et al. v. Johnson et al.]

iness. The bill charges that N. D. Johnson, husband of Elizabeth Johnson, in violation of the terms of the partnership, applied the proceeds of the business to the construction of a tramway and purchase of an engine, by which diversion of its assets said partnership became insolvent; and prays that a lien upon said engine and the iron on said tramway be declared in favor of complainants for the reimbursement of complainants as members of said partnership. N. D. Johnson, as agent of his wife, operated a coal mine near Coaling Station, and dealt extensively with J. H. Ward & Co., purchasing supplies for the miners, &c., giving the employees tickets on said firm, which the said Johnson afterwards redeemed. During the continuance of the partnership a tramway was constructed from the mine to the Ala. Great Southern R. R. and an engine purchased for use on said tramway, which was claimed by J. H. Ward & Co. to have been done with funds of said partnership ; but, is alleged by N. D. Johnson to have been done with funds belonging to his wife's separate statutory estate, and that the iron for the tramway and the engine were purchased in her name. The evidence was conflicting on this point. Upon final hearing, upon the pleadings and proof, the chancellor decreed that the complainants were not entitled to the relief prayed, and dismissed their bill. From this decree the complainants appeal.

VAN HOOSE & POWELL, for appellants.

WOOD & WOOD, McEACHIN & McEACHIN, A. C. HARGROVE, contra.

STONE, C. J.—We may concede that N. D. Johnson was the agent of his wife in conducting the partnership business, in which she appears to have been a member, and still the declarations he is alleged to have made afterwards, being only narrative of a past transaction, are not legal evidence to fix a charge on her, or on her estate. Her estate is statutory, and nothing her husband can say or do can bind it, except to the extent the statute makes it liable for "articles of comfort and support of the household" &c : Code of 1876 § 2711. *Chatham v. Newman*, 69 Ala. 547 ; *Lee v. Campbell*, 61 Ala. 12 ; *Gaus v. Williams*, 62 Ala. 41 ; *Lee v. Tannenbaum*, Ib. 501 ; *Carver v. Eads*, 65 Ala. 190 ; *Brunson v. Brooks*, 68 Ala. 248 ; *Ala. Gr. So. R. R. Co. v. Hawk*, 72 Ala. 112 ; *Lewis v. Lee County*, 73 Ala. 148 ; *Belmont Coal R. R. Co. v. Smith*, 74 Ala. 206.

Disallowing the testimony of Johnson's admissions, testified to have been made in the presence of Powell and others, we

[Smith v. Inge.]

are not clearly convinced the chancellor erred in failing to find affirmatively that the money or merchandise of the partnership entered into the purchase of the iron or engine. *Nooe v. Garner*, 70 Ala. 443.

Mrs. Johnson owned a coal mine, her statutory separate estate, which was being mined, and the output sold. Her husband N. D. Johnson appears to have overlooked the mining, and settled with the laborers. It is inferable, rather than proved, that he superintended the sale of the coal. Whether the mine was operated on his own, or on his wife's account, is neither averred nor proved. Iron was purchased, and with it a train-road was constructed on Mrs. Johnson's land, extending from the mine to the Alabama Great Southern railroad track, and an engine purchased to run upon it. The theory of the bill is that the money and merchandise of Ward & Co., co-partners with Mrs. Johnson, were used and consumed in paying laborers who mined the coal, and prepared it for market; and that with this coal and its proceeds the iron and engine were purchased and paid for. The purpose of the bill is to assert a lien on the iron and engine, for the payment of the debts of the firm of Ward & Co. We need not and do not decide whether the bill could be maintained, if its averments were proved. *Jones v. Dawson*, 19 Ala. 672; *Mulhall v. Williams*, 32 Ala. 489; *Ridley v. Hereford*, 66 Ala. 261; *Copeland v. Kehoe*, 67 Ala. 594; *Lee v. Winston*, 68 Ala. 402. With the limited power a married woman has over her statutory separate estate, it is a perilous undertaking to form a commercial partnership with her.

The decree of the chancellor must be affirmed.