## CURRY vs. DAVIS et al.

[ACTION ON PROMISSORY NOTE, GIVEN IN COMPROMISE OF A DEBT DUE FOR PURCHASE OF SLAVES, IN 1863, AFTER EMANCIPATION PROCLAMATION OF THE PRESIDENT.]

1. *Compromise; what valid consideration for notes.*—A compromise in

good faith, of certain notes made in 1863, in consideration of the pur-
chase of slaves in the same year, and after the emancipation proclama-
tion of the president of the United States, whereby the amount of the
first claim was largely abated, and a new note executed in considera-
tion of such compromise, is a sufficient legal consideration to sustain
such note; and this, even if the third section of ordinance No. 38 of
the convention of 1867 was not unconstitutional. The fact that said
third section is unconstitutional, places the question beyond doubt.

2.  *Claim that may be invalid, compromise of; what defense can not be set up
against note for.*—If parties, the one owning and the other owing a
claim that may be invalid, entertain doubts about the validity of the
claim, and make an honest compromise of it, a note given in consider-
ation of such compromise is valid, and on a suit on such note, the in-
validity of the claim compromised can not be set up.

APPEAL from the Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

One of the appellees, John N. Davis, purchased from the
appellant certain slaves, in 1863, and after the emancipa-
tion proclamation of the president of the United States.
For these slaves, Davis executed several promissory notes,
some of which fell due after the war. In 1866, Davis was
sued upon some of these notes, and while said suits were
pending, "Davis was informed that the supreme court had
decided that notes given for the purchase of slaves could
be recovered on, and was advised if he could compromise
the outstanding notes to do so. The appellee, Davis, there-
upon went to the plaintiff and compromised the outstand-
ing notes for one-half of what was due thereon, and gave
his note on the 28th of February, 1867, for the amount
agreed on, and appellant dismissed the pending suits."
This occurred before the passage of ordinance No. 38 of
convention of 1867. It was proved that the compromise
was made at the solicitation of the appellee, Davis; that
he expressed himself as perfectly willing to pay the amount
agreed on, and said that it was just and proper that he
should do so, and that he gave the note as a full and fair
compromise of the claim.

The note given in compromise of the debt due for the
purchase of the slaves, not being paid, the appellant brought
suit against the appellees in 1868. The defense set up was,
that the notes sued on were given in compromise of other

Curry v. Davis et al.

notes given in 1863 for the purchase of slaves, and that under ordinance No. 38, of the convention of 1867, no action could be maintained thereon ; and on the trial, the foregoing being all the evidence, the court charged the jury, " that although the evidence establishes a compromise between the parties, yet as laws are never to act retrospectively, unless it is made so by express words, that therefore the proviso to the third section of ordinance No. 38 of the constitutional convention of Alabama, adopted December 6th, 18o7, in respect to compromises and settlement of transactions concerning the purchase-money of slaves, does not apply to compromises and settlements made before its adoption, and hence, if the jury believed the evidence, they must find for the defendant."

This charge is now assigned as error.

W. C. OATES, for appellant.

F. M. WOOD, contra.

PECK; C. J.—The notes, the subject-matter of the compromise, made the 28th day of February, in the year 1867, were valid notes, and sustained by a legal consideration. They were notes given on the sale of slaves made by the plaintiff to the defendant, John N. Davis, in this State, in the year 1863.

The decision in the case of *McElvain v. Mudd, Adm'r*, at this term, is decisive of this question. It holds that notes made in consideration of slaves, sold in good faith, between the 1st day of January, 1863, the date of the president's proclamation, commonly known as the emancipation proclamation, and the suppression of the late rebellion, are valid, and supported by a sufficient consideration.

It is not denied that the said compromise was made in good faith by both parties, and was made at the instance of the defendant, said John N. Davis.

The adoption of the ordinance No. 38 of 1867, after the date of the said compromise, even if free from any constitutional objection, in no way affected the said compromise, but the fact that the third section was unconstitutional and void, and has been so decided, leaves the validity of said

compromise free from any doubts, whatever doubts may have existed on the subject before that decision was made.

The learned judge seems to have supposed, that to uphold the said compromise, would be to give the proviso to the said third section a retrospective operation, and for that reason he held the said compromise to be invalid. It does not appear to have occurred to him, that the purpose of the said ordinance, almost exclusively, was to operate retrospectively—to operate on things past, and not on things future; that it was to affect sales of slaves made, and notes given, before its passage. This mistake lead him to charge the jury, that the said proviso did not apply to compromises and settlements before the adoption of said ordinance; and, therefore, he charged the jury, that if they believed the evidence, they must find for the defendants. That charge is, manifestly, erroneous, and for this error, the judgment is reversed, and the cause is remanded for another trial.