JOHN SCOTT, Appellant, *v.* MARTIN WARNER, Respondent.

(GENERAL TERM, EIGHTH DISTRICT, APRIL, 1870.)

The plaintiff applied to the defendant to purchase a ton of hay; the defend-
ant offered to sell him a quantity by measurement, giving him to under-
stand that its dimensions would include a ton. The plaintiff took the
quantity, and paid for a ton, but there was, in fact, much less than that in
weight.

In an action for the excess in price.—*Held*, that in the absence of fraud,
there was a mutual mistake in a material fact, and the plaintiff could
recover.

A promise by the defendant to pay a certain sum in settlement of a
dispute respecting the plaintiff's claim.—*Held*, to be supported by a good
consideration.

APPEAL from a judgment of the Cattaraugus County Court,
reversing the judgment of a justice.

The facts are stated in the opinion.

*Wm. G. Laidlaw*, for the plaintiff.

*S. S. Spring*, for the defendant.

Present—MARVIN, DANIELS and BARKER, JJ.

By the Court—MARVIN, P. J. Action to recover back
money paid in excess on amount of hay sold by the defend-
ant to the plaintiff.

The plaintiff, as a witness, stated that he bought some hay
of the defendant; that the defendant asked eight dollars for
a ton, and wanted to measure it instead of weighing it; the
plaintiff said he did not know anything about measuring hay;
the defendant said that seven feet square by five feet thick
would make a ton, he knew it would. The plaintiff took
the hay, and paid eight dollars. In April or May after, the
plaintiff saw the defendant, and told him that he (the plain-
tiff) did not get one-half a ton. The defendant said he had

not any more to spare.   Plaintiff told him he must pay back part of the money, and the defendant said he would fix it up. The plaintiff told him if he would pay three dollars it would fix it up.

In a subsequent conversation, the plaintiff asked defendant when he was going to get the money for him, as he was hard up for money.   The defendant said he did not know, as he was hard up for money.   On cross-examination, the plaintiff stated that the defendant said he was selling by measure; did not weigh it; he said it would make a ton.   The plaintiff gave evidence tending to prove that the quantity of hay he got was much less than a ton, and not more than half a ton.   A witness also stated that he was present when the plaintiff asked the defendant if he had got any money for him; the defendant said he had not; the plaintiff said he had better be getting it.

The defendant was a witness in his own behalf, and stated that he told the plaintiff if he sold him any hay he should sell it off in a chunk; that he had so much to do he would not be bothered to weigh it; that plaintiff wanted to know how many feet it took for a ton, and defendant told him he did not know, only what folks told him; that some said 500 and some 400 feet; that he told the plaintiff that if he would take seven feet square and five thick he might have it for eight dollars; that the plaintiff thought it would not make a ton; that defendant told him he did not care, he was going to sell the rest that way, and if he wanted it he could have it that way; the plaintiff said he would take it.

That some time after, the plaintiff spoke to him about the hay, and he told the plaintiff that he supposed that was fixed long ago; the plaintiff said it was not fair; the defendant told him as long as the bargain was made, he ought not to back out; the plaintiff said he did not want any fuss about it; and defendant said he did not, and asked how much the plaintiff claimed back; he said three dollars; and defendant told him he should not agree to pay him a cent.   The evidence showed that the defendant sold some hay to others by measure, seven feet square and five thick for a ton, and some

to other persons, giving a larger measure, to one person eight by eight by eight—512 feet. The verdict was for the plaintiff; damages three dollars.

The County Court ought not to have reversed the judgment. The evidence was sufficient to justify the verdict, and the verdict was just. The negotiation was for a ton of hay, and the price was eight dollars. The defendant was not willing to be at the trouble of weighing it; he represented that seven feet square by five feet in depth would make a ton, and that he knew this fact. The evidence tended to show that such measurement would not make more than half a ton. The plaintiff had no knowledge as to the measurement necessary for a ton. The defendant assumed to know. If he did not know, then he misrepresented. If he had been so informed, and so believed, and his representations were founded upon such information and belief, and were not fraudulent, then he was greatly mistaken, and led the plaintiff into mistake. The parties were mutually mistaken as to a material fact. This is the most charitable view of the case. The mistake was serious. The evidence would justify the jury in finding that the defendant did not get more than half the quantity of hay he supposed he was to have, and which the defendant claimed he was selling to him. *Wheadan* v. *Olds* (20 W., 174), cited by plaintiff's counsel, is in point.

In that case, oats were sold at a certain price per bushel, and the quantity was estimated upon a mistaken state of facts, and the purchaser agreed to take the oats at the quantity estimated, at his own risk hit or miss; it was held that he could recover back, *pro tanto*, the money paid.

Again in this case there was, assuming that the parties acted honestly, and that there was no fraud on the part of the defendant, a dispute between the parties, which constituted a good consideration for a settlement. The plaintiff asserted a claim that he did not get half a ton of hay, and claimed that the defendant should pay back a portion of the money, and the defendant promised to fix it up; the plaintiff told him that three dollars would fix it up. The defendant made

no objection to this. The cases cited by defendant's counsel are not in point. In those cases there was no dispute about the facts. In *Geer* v. *Archer* (2 Barb., 420), there was no dispute about the facts, and the giving of the note was voluntary and without consideration. The true rule is laid down in *Farmers' Bank, &c.,* v. *Blair* (44 Barb., 641), that the controversy must be real and substantial, not a case where the claim is unfounded and palpably untenable. In view of the testimony of both of the parties, there was, in this case, a controversy real and substantial.

Again, the claim of the plaintiff was strongly equitable. He expected to get a ton of hay, and he paid the price of a ton. The evidence as to the conversation between the parties, and the precise terms of the contract, was conflicting; but it was for the jury to decide, and not the court, as to the facts.

The judgment of the court must be reversed, and that of the justice affirmed.