# Smith *v.* Doe, *ex dem.* Carson.

*Ejectment by Wife, against Purchaser under Mortgage, of Husband and Wife.*

1. *Mortgage by husband and wife, for purchase-money of land.*—If husband and wife purchase lands, taking the title in the name of the wife, making partial payment of the purchase-money with funds belonging to her statutory separate estate, and executing a mortgage on the lands to secure the unpaid balance, such mortgage is a valid security for the debt in equity, whatever may be its operation at law; and the wife cannot be permitted to repudiate the transaction, and charge the lands with the reimbursement of her moneys expended in the purchase, except for fraud or collusion between the husband and the vendor.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Mrs. Kate M. Carson, to recover the possession of a tract of land in said county, and was commenced on the 15th April, 1872. On the trial, the facts were admitted to be as follows : On the 22d August, 1862, the plaintiff and her husband purchased the lands from one Charles H. Molton ; the purchase-money being payable in three equal annual installments, on the first day of January, 1864, 1865, and 1866, respectively, for which the plaintiff and her husband executed their three promissory notes, payable to said Molton. Said Molton and his wife executed an absolute conveyance of the land to the plaintiff, and she and her husband, at the same time, reconveyed the lands to said Molton by mortgage, with power of sale, to secure the payment of the said notes for the purchase-money as they severally fell due. The notes and mortgage were assigned by Molton to James A. Farley, and on the 9th January, 1866, the notes not having been fully paid, the plaintiff and her husband executed a new note, payable to their own order, and indorsed by them to said Farley, payable on the 1st January, 1867. To secure the payment of this new note, the plaintiff and her husband conveyed the said lands to said Farley by mortgage, of the same date with the note, reciting therein that the said note was given in renewal of the former notes for the purchase-money, and containing a power of sale in the event of default in payment of the note. This note not being paid at maturity, Farley sold the land under the power in the mortgage, and executed a conveyance to

the purchaser; and the defendant was in possession, as the tenant of the purchaser at that sale. Each of said mortgages was signed by the plaintiff and her husband, and attested by two witnesses; and each was admitted to record on proof by one of the subscribing witnesses, in the form prescribed by statute. "This being all the evidence, the court charged the jury, on the written request of the plaintiff, that, if they believed the evidence, they must find for the plaintiff;" to which charge the defendant excepted, and which he now assigns as error.

After the submission of the cause in this court, the parties entered into the following written agreement, which was filed of record: "It is agreed, that, if the Supreme Court shall be of opinion that the note described in the mortgage to Farley, set out in the record, be a good lien in equity on the land, and that such lien is paramount and superior to any claim Mrs. Carson has to be repaid the partial payment she has made on the purchase; then, after announcing this opinion, the court need not decide any other question; and this appeal, and the action of ejectment in the court below, are to be dismissed at the costs of the appellant."

SAYRE & GRAVES, with D. S. TROY, for appellant.

STONE & CLOPTON, contra.

BRICKELL, C. J.—It would have been proper, in any view of this case, to have decided the precise question, to which the agreement of counsel requests the decision shall be confined. The mortgage, whatever may be its operation at law, in equity is a valid security for the payment of the purchase-money. The disability of a married woman to contract, can not be tortured into an ability to get and keep another's land, without paving the purchase-money.—*Chilton v. Braiden*, 2 Black, 458; *Pylant v. Reeves*, at last term. Mrs. Carson held the lands, subject to the lien of the vendor, or his assignee, for the payment of the purchase-money. In *Marks v. Cowles*, at the last term, the question of this case was considered and decided. We held, that a married woman, having a statutory separate estate, purchasing lands, with the assent of her husband, making partial payment of the purchase-money from her separate estate, could not repudiate the transaction, and charge the lands with the reimbursement to her of such part of her separate estate. The husband having, under the statute, full power to make investments of money, her separate estate, the transaction was an investment; which must be supported, until impeached

for fraud or collusion between the husband and vendor. The facts of that case are parallel with this; and we are satisfied with, and adhere to that decision. It is conclusive of the question on which we are requested to express an opinion.

Judgment must be entered, reversing the judgment of the Circuit Court, and dismissing the action of ejectment; and the appellant must pay the costs

STONE, J., not sitting, having been of counsel.