# Lee *v.* Sims.

*Bill in Equity to Foreclose Mortgage, and Enforce Vendor's Lien on Land.*

1. *Wife's statutory separate estate ; for what debts liable.*—Under the statute which made the wife's statutory estate liable "for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law " (Rev. Code, § 2376), it could not be made liable for a debt contracted by the husband, "for family supplies, moneys, and materials, for the improvement and benefit of her separate estate."

2. *Mortgage of wife's property.*—The uniform decisions of this court have settled the principle, that the wife can not, either alone, or jointly with her husband, mortgage her statutory separate estate for the debt of her husband : her power to mortgage "seems to be limited to securing the purchase-money for the particular land on which the mortgage is executed."

3. *Compromise.*—Compromises are highly favored by the law, on grounds of public policy ; and when legally and honestly effected, all inquiry into the validity of the compromised claim is precluded from further investigation.

4. *Consent decree in chancery, vesting legal title to lands in wife, charged with husband's debt.*—A creditor of the husband having levied an attachment on a tract of land, the legal title to which stood in his name, and the wife having then filed a bill in equity against the creditor and her husband, seeking to have a resulting trust in the lands established and declared in her favor ; by mutual consent and agreement of all the parties, the matters in litigation were settled and compromised—a decree being rendered in the chancery suit, vesting the legal title to the land in the wife, as her statutory separate estate, while she and her husband executed a mortgage on it to the creditor, to secure the amount of the debt as reduced and admitted : *Held*, that while the mortgage could not be enforced against other lands conveyed by it, the legal title to which stood in the wife's name, it was a valid incumbrance on the land in controversy, for the amount of the admitted debt, in the nature of a vendor's lien for unpaid purchase-money : that the wife, claiming the benefit of the compromise under the consent decree, takes the land charged with the lien for the admitted debt.

[Lee v. Sims.]

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 22d June, 1876, by Thomas W. Sims, against I. James Lee and his wife, Mrs. Susan L. Lee; and sought to subject certain lands, particularly described in the bill, to the payment of a debt which the complainant alleged to be due to him from the defendants. The lands consisted of two adjoining tracts, one containing about 1090 acres, which Mrs. Lee acquired by descent from her deceased father; and the other, containing 360 acres, called the "Jenkins tract," which was conveyed to said I. James Lee by one Leroy Jenkins and wife, by deed dated the 1st November, 1856, and duly acknowledged and recorded a few months afterwards. In December, 1865, said I. James Lee having become indebted to Houston, Sims & Co., a mercantile partnership in Mobile, in the sum of nearly $12,000, they sued out an attachment against him, and caused it to be levied on said smaller tract of land. Mrs. Lee thereupon filed a bill in equity against her husband and said Houston, Sims & Co., alleging that the purchase-money for the lands was paid by her father, that the purchase was made for her benefit, and was intended as an advancement to her; and asking that a trust in the lands be declared in her favor, that the legal title be vested in her by the decree of the court, that she be quieted in her possession, and that the attachment suit be perpetually enjoined. On the 30th April, 1867, while the attachment suit and the bill in chancery were pending, the matters in litigation were compromised and settled, by the mutual consent and agreement of all the parties. By the terms of the compromise, Houston, Sims & Co. signed an agreement in writing, which was made an exhibit to the bill in this case, in the following words:

"In consideration of the execution, this day, of certain notes and a deed of trust to secure them, by Susan L. Lee and her husband, I. James Lee, for the benefit of the undersigned, Houston, Sims & Co., we, the said Houston, Sims & Co., hereby release, cancel and discharge all other claims against the said Susan L. Lee or her separate estate, and also hereby transfer and assign to her, the said Susan L. Lee, all our claims of every description, whether absolute or contingent, and all and every security therefor whatever against the said I. James Lee, for her sole and separate use. We agree, also, that she shall take any decree she may desire in the chancery court (suit?) against us and others, now depending in the Chancery Court of Sumter county, and that she may take such judgment as she may choose in our suit

now depending in the Circuit Court of said county, against the said I. James Lee. We agree, also, that she shall have all such remedies against the said I. James Lee and his estate in said suit, or on any securities we have against him, which we, or either of us, as members of said firm, could have in any event. This understood and agreed to, however, that the said Susan L. Lee shall pay the costs of both of said suits, and protect us and each of us against any cost or liability in any proceedings she may take in either of said suits, or the judgment or decree therein, or on any security which we may have for all or any of our claims against the said I. James Lee," &c.           •

The deed of trust referred to in this agreement, a copy of which was also made an exhibit to the bill, was also dated the 30th April, 1867, was attested by two witnesses, and was duly admitted to record on proof by one of them. It conveyed both of said tracts of land to Edward W. Smith, as trustee, to secure an indebtedness to said Houston, Sims & Co., and contained a power of sale on default. The consideration of the deed was described in these words : " *Whereas,* the parties of the first part are indebted to the parties of the third part by promissory notes, as follows : four of even date herewith, all bearing interest from the 1st February last, two for $2,550 each, payable the 1st February, 1868, and the 1st February, 1869, respectively, and two of $250 each, payable the 1st February, 1868, and 1869, respectively ; which promissory notes are for family supplies, moneys, and materials furnished by the parties of the third part, for the improvement and benefit of the separate estate of the said Susan L. Lee, and by her consent and approval, as well as the consent and approval of her said husband ; and whereas the said supplies, moneys and materials were furnished by and with the understanding that the parties of the third part would be secured in the payment of the same," &c.

The decree in the chancery suit, a copy of which was also made an exhibit to the bill, was in these words : " This cause was submitted for final decree, upon the written agreement of Houston, Sims & Co. on file, and the decree *pro confesso* against the other defendants, entered at a former term of the court, and upon the pleadings and exhibits. Upon consideration whereof, I am of opinion, that the complainant is entitled to the relief prayed in the bill. It is therefore ordered, adjudged, and decreed by the court, that all the defendants be forever enjoined from levying upon or selling any of the property, real or personal, alleged in the complainant's bill to be her separate estate ; that the legal title of the defendant, I. James Lee, to the land described in the exhibit to the bill,

be and is hereby divested out of him, and vested in the complainant, as her separate estate under the Code of Alabama; that the complainant be quieted in her title, and also to the personal property alleged in the bill to be her separate estate; and that the complainant, by her next friend, pay the costs," &c.

Default having been made in the payment of the notes secured by the deed of trust, the trustee advertised and sold the lands, under the power contained in the deed; Thomas W. Sims, the complainant, becoming the purchaser, and receiving a conveyance from the trustee. This was the title asserted by the complainant in his bill; and he claimed the right to subject the lands, of which the defendants still continued in possession, to the satisfaction of his demand, on the ground that the debt secured by the deed of trust was in the nature of a vendor's lien, and that the consideration of the debt was articles for which the wife's statutory separate estate was made liable by law. On the part of the defendants it was contended, that all the lands in controversy belonged to Mrs. Lee's statutory separate estate, and could not by any contrivance be subjected to the payment of her husband's debts. The chancellor held, on final hearing on pleadings and proof, that the complainant was not entitled to any relief as to the larger tract of land, which Mrs. Lee had inherited from her father, but that the smaller tract, called the "Jenkins tract," was held under the terms of the compromise, and was subject to the debt secured by the deed of trust. From this decree each party appeals, and here assigns error; the defendants below, because the chancellor granted relief to the complainant as against the smaller tract of land; and the complainant, because he did not also grant relief as to the other tract.

A. W. COCKRELL, T. B. WETMORE, and CHAPMAN & SMITH, for the complainant.—The agreement signed by Houston, Sims & Co., and the mortgage (or deed of trust) executed by Lee and wife, are to be construed together as parts of one and the same transaction; and the consent decree, entered in pursuance of the agreement, is to be regarded as part of the same transaction, or contract.—*Dumas v. Smith*, 17 Ala. 305; *Strong v. Brewer*, 17 Ala. 706; *Holman v. Crane*, 16 Ala. 570; *Prater v. Darby*, 24 Ala 496; *Hughes v. Wilkinson*, 35 Ala. 453. Claiming under the decree, Mrs. Lee can not repudiate any part of the compromise, which must be enforced in its entirety. It precludes all inquiry into the matters thus settled by the parties, and each is estopped by

[Lee v. Sims.]

its recitals.—*Tait v. Frow*, 8 Ala. 543 ; *McCravey v. Remson*, 19 Ala. 430 ; *Steele v. Adams*, 21 Ala. 534 ; 22 Ala. 543.

THOS COBBS, with W. E. & R. H. CLARKE, *contra*.—As to the larger tract of land, there was no dispute about the title ; it descended to Mrs. Lee from her father, and constituted a part of her statutory separate estate. The "Jenkins tract," though the title was taken in the name of her husband, was bought for her by her father, who paid the purchase-money ; and her title was conclusively established by the chancery decree in her favor. The claim of Houston, Sims & Co. was contracted by the husband, on his own credit, and was his debt ; and both the account exhibited with the bill, and the recitals of the deed of trust, show that it was not a charge against the wife's statutory estate.—Rev. Code, § 2376. Being the debt of the husband, and not chargeable on the wife's statutory estate, she could not mortgage her property for its payment, nor by any contrivance or agreement make her property liable for it.—*Bibb v. Pope*, 43 Ala. 190 ; *Northington v. Faber*, 52 Ala. 45 ; *Stribling v. Bank of Kentucky*, 48 Ala. 451 ; *Wilkinson v. Cheatham*, 45 Ala. 337 ; *Fry v. Hamner*, 50 Ala. 58 ; *Blum v. Harrison*, 50 Ala. 19.

SOMERVILLE, J.—These cases are brought to this court by cross-appeals from a decree of the Chancery Court, rendered on a bill filed by Thomas W. Sims against I. James Lee and his wife, Susan L. Lee. The purpose of the bill, though not entirely free from ambiguity, seems to be two-fold ; *first*, to foreclose a deed of trust on certain lands, claimed by the wife as her statutory separate estate, on the alleged ground, that the debts secured by the conveyance were created for articles of comfort and support of the household, for which the estate of the wife was liable under the statute ; *second*, to enforce a vendor's lien upon the lands thus mortgaged, a portion of which consisted of about 360 acres, and is designated as the "Jenkins tract," the title of which, it is maintained, was vested in the wife subject to the incumbrance of this lien or equity.

It is manifest that the consideration of the debts, as secured by the deed of trust, and as recited in the deed, does not fall within the class of articles described in section 2376 of the Revised Code, which was the law in existence at the time of the transactions in question, and the one by which the case is to be governed. This consideration is averred, and shown to be, "*family supplies, moneys, and materials*" *for the improvement and benefit of the separate*

*estate of the wife.* The statute, since amended, then made the wife's estate, held under its provisions, liable only on contracts " for articles of *comfort and support of the household,* suitable to the *degree and condition in life of the family,* and for which the husband would be responsible at common law. "—Rev. Code, § 2376 ; Code, 1876, § 2711.

These debts are the debts of the husband, not of the wife. They are not shown to have been articles of comfort and support of the family. This liability is entirely statutory, being created and fixed by law. No mere contract of the parties can fasten it upon the wife's estate, in contravention of the express statutory inhibition, that it " is *not subject* to the payment of the husband's debts. "—Rev. Code, § 2371 ; *Lobman v. Kennedy,* 51 Ala. 163; *Ib.* 245 ; *Lee et ux. v. Campbell,* 61 Ala. 12.

The proposition, that the wife can not mortgage her statutory separate estate, for the debts of her husband, whether alone or jointly with him, is too uniformly settled by the decisions of this court, to require discussion.—*Bibb v. Pope,* 43 Ala. 190 ; *Garrett v. Lehman, Durr & Co.,* 61 Ala. 391. The power to mortgage, in such cases, seems to be limited to securing the purchase-money due for the particular land upon which the mortgage is executed.—*Marks v. Cowles,* 53 Ala. 499 ; *Gans v. Williams,* 62 Ala. 41 ; *Smith v. Carson,* 56 Ala. 456.

The chancellor did not err in declaring the deed of trust a nullity, so far as it affected these lands, which the proof showed were a part of the wife's statutory separate estate.

The land, known as the " Jenkins' tract, " stands, however, in a different attitude. This had been conveyed directly to the husband, and the title, as shown by a deed duly recorded, was in his name, and in his own right. It is true, the wife claimed a resulting trust in it, on the alleged ground that the land was conveyed to I. James Lee, her husband, as a trustee for her. The deed of conveyance does not show this fact, and it is sought to be proved by parol evidence. It is a *disputed fact,* and, *prima facie,* the law presumed it untrue. The attachment of Sims was levied upon this land as the husband's property, and was presumptively a valid lien on it.

We agree with the chancellor, that the settlement of the pending litigation in the Circuit and Chancery Courts, the transfer of the claims against her husband to Mrs. Lee, the reduction by abatement of Sims' claims, from $12,000 to about $5,000, and the taking of a mortgage on all the lands described in the bill, followed by the *consent decree* in the Chancery Court, are transactions which are all to be con-

strued together; and when so construed, they constitute, and were intended by the parties to constitute, a *compromise*. The word "compromise" is not used to describe the settlement; but the intention of the parties is obvious. They had in purpose the idea and desire of settling a doubtful and vexatious legal controversy, and effected it by mutual relinquishments of supposed rights, dependent, not on the law of the case, so much as on the truth or falsity of a disputed *fact*.

Compromises are highly favored by the law, whatever the nature of the controversy settled, and when they are legally and honestly effected, all inquiry into the validity or invalidity of the compromised claim is precluded from further investigation. This principle is based upon the soundest public policy. *Interest reipublicæ ut sit finis litium.—Curry v. Davis*, 44 Ala. 281.

The decree of the chancellor, divesting the title of the Jenkins' tract out of the husband, and vesting it in the wife, in which it is designated as her statutory separate estate, can not operate to estop the complainant, Sims, from enforcing his lien upon it. We can not be blind to the fact, that this was a *consent decree*, and was a part of the *compromise* agreed on between all the parties to the litigation, and a mere instrumentality for transferring title. The wife received this title *cum onere*—charged with the lien of Sims' claim for something over $5,000, which must be considered as the purchase-money for the land, as stipulated in amount by the contracting parties. She can not be permitted to reap the beneficial fruits of the compromise, and repudiate its concomitant burdens.—*Marks v. Cowles, supra*.

The chancellor held correctly that Sims' claim, as abated by compromise, was a lien on the Jenkins' tract of land.

The decree of the chancellor, as to each of the above cases, is hereby affirmed.