# Judge, Adm'r, *v.* Wright and Wife.

*Action at Law. to subject Wife's Statutory Separate Estate to*
*Payment of Debt contracted for Articles of Comfort and*
*Support of the Household.*

1. *Contracts; how construed.*—Contracts must be construed with refer-
ence to the domicil of the contracting parties, especially if the domicil is
the recognized place of performance.

2. *Same; by what law governed.*—As to the nature, obligation and
interpretation of a contract, the *lex loci contractus* governs; but as to the
forms, or methods, or conduct of process, or remedy, the *lex fori* applies.

3. *Liability of wife's statutory separate estate for articles of comfort and*
*support of household; extends only to domestic contracts.*—The liability of
the wife's statutory separate estate for contracts for articles of comfort
and support of the household, etc., being statutory, and not arising from
contract (Code of 1876, § 2711), does not extend to contracts made and
performed in another State, in which the contracting parties are domi-
ciled.

APPEAL from Greene Chancery Court.

Tried before Hon. SAMUEL A. SPROTT.

SOMERVILLE, J.—The action is one seeking to subject
certain lands belonging to Mrs. Georgia H. Wright, and lying
in Greene county, Alabama, to the payment of a debt con-
tracted in the State of Tennessee, which was the domicil of both
of the contracting parties. Mrs. Wright is alleged to have
owned these lands as her *statutory* separate estate under the
laws of Alabama. The note in suit was executed jointly by
Mrs. Wright and her husband, and its consideration is alleged
to be "*board and lodging* furnished the defendants and their
family."

The only question presented for decision is, whether the
wife's separate estate, created under our laws, is liable for debts
created by foreign contract in another State.

It is a cardinal rule, that all contracts are to be construed with
reference to the domicil of the contracting parties, especially if
that is the recognized place of performance.—2 Parson's Contr.
(6th Ed.) 569; 2 Whart. Contr. § 637.

It is further settled, that the law of the place of the contract
is to govern as to "the *nature, the obligation*, and the *interpre-*
*tation* of the contract."—Story on Confl. Laws, § 263.

But in respect to all questions as to "the forms, or methods,

[Grangers' Life and Health Ins. Co. v. Kamper.]

or conduct of process, or remedy, the law of the place of the *forum* is applied."—2 Parson's Contr. 588.

It is declared by the statute that the separate estates of married women shall be *liable* for *all contracts* for certain "articles of comfort and support of the household."—Code, 1876, § 2711.   This court has often declared, in reference to this liability, that it is " entirely statutory, being created and fixed by *law*," and that it " does not arise from contract." *Lee v. Sims,* 65 Ala. 248, 253 ; *Lee v. Campbell,* 61 Ala. 12, 14. It pertains to the nature of the contract, forming a part of it, and being silently incorporated into it, though not expressly mentioned, through the influence of the statute itself, which can operate, therefore, only on contracting parties who are within its influence at the time of the making of such contract. Parties out of the jurisdiction of the State are not supposed to have this statute in view, especially when entering into contracts not to be performed here.   The law of the place of the contract, as Mr. Story observes, " regulates the *nature* of the contract, in the absence of any express stipulations."—Story on Confl. Laws, § 263.

We are of opinion that the statute in question operates only on domestic contracts, and not on those that are foreign.   No other conclusion can be safely reached upon any sound legal principle of which we are aware.—Story on Confl. Laws, §§ 266–268.

The demurrer to the complaint was properly sustained, and the judgment of the circuit court is affirmed.