### LAMB et al. v. TRAITEL et al.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

SALE—DELIVERY OF EXCESSIVE QUANTITY.

    Plaintiffs declined to sell a small amount of lithographing stone, which defendants offered to buy, but proposed that defendants should take all in stock, which was approximated by plaintiffs "to be between two and three tons," to which defendants assented. The amount of the stone delivered by plaintiffs was between nine and ten tons. As soon as defendants discovered the quantity that had been delivered, they wrote plaintiffs that they only agreed to buy between two and three tons, and that the excess over that amount was at plaintiffs' disposal. *Held*, that plaintiffs were not entitled to recover for more than three tons.

Appeal from Eighth district court.

Action by Joseph Lamb and another against Benjamin D. Traitel and others for the price of goods sold and delivered. From a judgment in favor of plaintiffs, rendered by the justice without a jury, for a part only of the amount sued for, plaintiffs appeal. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Albridge C. Smith, for appellants.

P. C. Talman, for respondents.

BISCHOFF, J. This action was brought to recover the agreed price, as alleged, of 19,718 pounds of lithographing stone sold and

delivered by plaintiffs to defendants. The facts in the case appear to be that the defendants, being in need of some small quantity of this stone, approached the plaintiffs with an offer of purchase. Plaintiffs declined to sell the small amount required, but proposed a sale at the price of one cent per pound, should defendants take all in stock at that price. The amount in stock was approximated by plaintiffs to be "between two and three tons," and defendants thereupon concluded the agreement upon the terms stated. The stone was then carted from plaintiffs' places of storage by defendants' employé, whose duties comprised merely the mechanical acts of loading and transferring what was offered; and the amount so taken was checked off by plaintiffs' servant, but no tally was made by defendants. Thereafter a bill for the price of 19,718 pounds, the amount which was actually taken, was sent to defendants, who replied by letter, wherein, after stating the agreement, they concluded as follows:

"If we have received more than 3,000 pounds, this is the first intimation of it. We don't want more. This is all we agreed to purchase. Balance is at your disposal, and we shall expect to be reimbursed for the cartage on this balance."

The defendants shortly afterwards wrote again, correcting the mistake which was made in the statement that a sale of but 3,000 pounds was agreed upon, and stated that they were prepared to pay for "between two and three tons." The justice rendered judgment in favor of the plaintiffs for the value of three tons, which sum had been tendered by defendants, and paid into court, and the plaintiffs have taken this appeal.

In our view, the determination below is clearly to be given support. Defendants agreed to take plaintiffs' whole stock of stone, of which they accordingly accepted delivery without actual examination into the quantity received; but this was in reliance upon plaintiffs' representations that the amount thus to be purchased was between two and three tons, and upon this representation they had a right to rely. Certainly, they were not required to retain and pay for a quantity so greatly in excess of the agreement as that delivered,—between nine and ten tons. Immediately upon discovery of the facts, they disaffirmed the sale, as to the excess, and tendered such excess to plaintiffs. This tender was sufficient, without an actual return. Hayden v. Demets, 53 N. Y. 429; Iron Co. v. Pope, 108 N. Y. 236, 15 N. E. 335, 21 Am. & Eng. Enc. Law, p. 557, and cases cited. Nor were defendants in fault in that they did not tender back the whole quantity received. Upon a delivery excessive of the quantity called for by the contract, they had a right to stand upon the agreement, and repudiate the delivery as to the excess. Hart v. Mills, 15 Mees. & W. 85; Benj. Sales, §§ 689, 691; 21 Am. & Eng. Enc. Law, p. 540; Cross v. Eglin, 2 Barn. & Adol. 106. Similarly, in Scott v. Warner, 2 Lans. 49, a recovery was had in the case of mutual mistake resulting in the delivery of a smaller quantity than that intended, where the plaintiff had not rescinded the sale, nor returned the goods delivered. The judgment must be affirmed, with costs.