[No. 2158.]

The Pennsylvania Mining Company of
Colorado v. Bales.

1. **Mining Claims—Filing Adverse—Pleading—Presumption.**

In an adverse suit where the complaint alleged the filing of the adverse in the United State land office it will be presumed that it was filed within the time prescribed by the United States statutes for such filing.

**2. Same—Waiver.**

In an adverse suit if the defendant desires to raise the question that the adverse was not filed in the United States land office within sixty days after publication or that the adverse suit was not filed within thirty days from the filing of the adverse in the land office, he must raise such question either by demurrer or answer, and if he goes to trial without having done so he waives the objections.

**3.  Adverse Suits—Time of Filing—Pleading.**

Where the file marks on a complaint in an adverse suit show that it was filed within thirty days from the filing of adverse in the land office it was not necessary to allege in the complaint that it was filed within said time.

*Error to the District Court of Clear Creek County.*

Mr. W. J. THOMAS and Mr. C. H. PIERCE, for plaintiff in error.

Mr. J. J. WHITE and Messrs. MORRISON & DE SOTO, for defendant in error.

GUNTER, J.

This was an adverse suit. Plaintiff had verdict and judgment.

Defendant—plaintiff in error—contends that the complaint did not state a cause of action in this: It omitted to allege the filing of the adverse in the land office within the sixty days of publication, and failed to allege that this action was instituted within thirty days from the filing of the adverse. These objections were made first at the trial in resistance to the introduction of the evidence.

1.   The complaint alleged the filing of the adverse in the land office. The federal statute prescribes that the adverse shall be filed within the sixty days of publication.  The allegation that the land office had received and filed the adverse carried with it a presumption that it had been filed within the legal time—the sixty days. If defendant desired to raise the question of a failure to file within the sixty days he should

have done so by pleading it specially in a demurrer or answer; having gone to trial without having done so, it was waived.—*Richmond Mining Co. v. Rose,* 104 U. S. 576, 583; *Marshall Silver Mining Co. v. Kirtley,* 12 Colo. 417, 21 Pac. 492; *Providence Gold Mining Co. v. Marks,* 60 Pac. (Ariz.) 939.

2.   The above authorities sustain the conclusion that defendant in the same manner waived the objection—if one—that the complaint herein did not allege the filing thereof within thirty days from the filing of the adverse in the land office.

Further, it sufficiently appears from the complaint herein that the adverse claim was filed September 17, and the file mark in the record proper discloses that the complaint herein was filed ·October 3, within the thirty days required.   As the court below took judicial notice of the file ·mark it was not necessary to allege its date in the complaint.   The file mark is before this court in the record proper.—*Swem v. Green,* 9 Colo. 358, 12 Pac. 202.

The fact of the filing of the complaint within the thirty days was thus before the court without an allegation to such effect therein.

Judgment affirmed.                            *Affirmed.*